**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

REC'D IN PRO SE OFFICE SEP 11 '25 PM12:55

CHRISTOPHER MUNGIN,

Plaintiff(s),

v.

DEPARTMENT OF SOCIAL SERVICES/ HUMAN RESOURCES ADMINISTRATION/ DEPARTMENT OF HOMELESS SERVICES, COMMISSIONER MOLLY WASOW PARK, in her official capacity, NATASHA PHANG-LAWRENCE, in her individual capacity, HOME/LIFE SERVICES INC., QUEENS FAMILY RESIDENCE LLC, MARCIA UNDERWOOD, in her individual capacity, GRACE DUODU, in her individual capacity, WARREN ENGLISH, in his individual capacity, JEFFERY LAURENT, in his individual capacity, AALIYAH MANDLEY, in her individual capacity, DESMOND KING, in his individual capacity, LEANNA CASTILLO, in her individual capacity

Respondent(s).

CIVIL ACTION NO. 1:25-cv-4277

**EXHIBIT A: EMAIL PICTURES**
**EXHIBIT B:CITY FHEPS VOUCHER**
**EXHIBIT C:CCRB REPORT**
**EXHIBIT D:USB FLASH DRIVE "DENIED"**
**EXHIBIT E: EVIDENCE PICTURES**
**EXHIBIT F: PAY STUBS**

ORIGINAL

## AMENDED **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Christopher Mungin, by and through this Complaint, respectfully alleges the following:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Queens County, New York.

## II. PARTIES

3. Plaintiff Christopher Mungin is a resident of Queens County, New York, residing at 73-00 Queens Boulevard #256, Queens, NY 11377.

4. Defendant City of New York DSS/HRA/DHS is a municipal entity responsible for the administration of public benefits and housing assistance programs.

5. Defendant Home/Life Services Inc. is a non-profit or private provider contracted by the City to operate transitional housing programs, including Queens Family Residence.

6. Defendant Queens Family Residence LLC is the specific facility where the alleged events occurred.

7. Defendant Grace Duodu is or was employed as a case manager at Queens Family Residence and is sued in her individual capacity.

8. Defendant Warren English is or was the Director of Social Services at the facility and is sued in his individual capacity.

9. Defendant Marcia Underwood is or was the Program Director and is sued in her individual capacity.

10. Defendant Jeffery Laurent is or was a housing specialist at the facility and is sued in his individual capacity.

11. Defendant Aaliyah Mandley is or was a case manager at the facility and is sued in her individual capacity.

12. Defendant Mr. King is or was the Head of Security at the facility and is sued in his individual capacity.

## III. STATEMENT OF FACTS

13. In June 2022, Defendant Duodu demanded that Plaintiff provide medical records for himself and his daughter. Plaintiff declined.

14. In retaliation, Duodu threatened to report Plaintiff to Child Protective Services in an attempt to have his daughter removed from his custody.

15. Duodu coerced Plaintiff into signing a request for voluntary direct payment of emergency assistance funds under duress. Plaintiff has photographic evidence of this interaction.

16. Duodu and other staff members entered Plaintiff's housing unit without notice or consent, violating his right to privacy.

17. In August 2022, maintenance personnel were sent to Plaintiff's unit to inspect a reported leak. Despite finding no leak, they created a large hole in the shower wall.

18. At the direction of Defendant English, the shower nozzle was removed, and the wall was left unrepaired. Plaintiff was without a functional shower for approximately seven months.

19. Plaintiff and his infant child were forced to live in substandard conditions. Despite repeated complaints to DHS and 311, repairs were not made until March 2023.

20. Plaintiff submitted necessary documentation to Defendant Laurent in connection with a City FHEPS housing voucher but received no meaningful assistance or follow-up.

21. Defendant Laurent later falsely claimed the presence of drugs and alcohol in Plaintiff's unit. When confronted, Laurent admitted the claim was false but had already included it in official records. This conversation was recorded.

22. Plaintiff was reassigned to Defendant Mandley. He later discovered his spouse had never been added to his public assistance case and that he had been underpaid benefits.

23. Defendant Mandley admitted that facility staff maintained a "difficult client list" to intentionally deny certain residents services. This admission was also recorded.

24. On June 1, 2023, Plaintiff returned from the laundromat to find his unit door wide open and $2,000 in cash missing.

25. Plaintiff reported the theft to Defendant King, who refused to investigate or review available surveillance footage. Plaintiff subsequently filed a police report.

26. In August 2023, the water to Plaintiff's unit was shut off without notice. The facility took no action until Plaintiff contacted his City Council member's office, which led to restoration of the water supply.

## IV. CLAIMS FOR RELIEF

**Count I: Violation of 42 U.S.C. § 1983 — Due Process (Coercion and Threats)**

27. Defendants Duodu and English, acting under color of law, violated Plaintiff's due process rights by using threats and coercion to deprive him of liberty and property interests without lawful procedures.

**Count II: Violation of 42 U.S.C. § 1983 — Fourth Amendment (Unlawful Entry)**

28. Defendants unlawfully entered Plaintiff's residence without consent or notice, violating his Fourth Amendment rights.

**Count III: Violation of the Fair Housing Act (42 U.S.C. §§ 3601–3619)**

29. Defendants failed to maintain habitable housing conditions and retaliated against Plaintiff for asserting his rights, in violation of the Fair Housing Act.

**Count IV: Violation of 42 U.S.C. § 1983 — Substantive Due Process**

30. The prolonged denial of functional plumbing and sanitation services in a facility housing families with children violates Plaintiff's substantive due process rights.

**Count V: Violation of the Equal Protection Clause**

31. Plaintiff was deliberately placed on a "difficult client list" and treated differently than similarly situated residents without a rational basis, in violation of the Equal Protection Clause.

**Count VI: Negligence (State Law Claim)**

32. Defendants were negligent in managing the facility, resulting in damage to property, exposure to unsafe living conditions, and deprivation of essential services.

## V. PRAYER FOR RELIEF

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via in person and/or U.S.A. Postal Service certified mail to the following:

Respectfully submitted,


**Christopher Mungin**
Address: 73-00 Queens Boulevard
phone number: 347-908-3903
email: C.mungin23@gmail.com


CC:

Paige Pope

Paralegal

Mold Spitz & Desantis, P.C.

1430 Broadway, 21st Floor

New York, NY 10018

email: ppope@molodspitz.com

email CC:

Megan Foster mfoster@molodspitz.com,

Alice Spitz aspitz@molodspitz.com

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined at trial;

B. Award punitive damages against the individual defendants for their willful and malicious conduct;

C. Enter a permanent injunction prohibiting retaliation, coercive practices, and requiring Defendants to maintain habitable and lawful housing conditions;

D. Order that Plaintiff and his family be transferred to safe and appropriate alternative housing;

E. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

F. Grant such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**Christopher Mungin**
Address: 73-00 Queens Boulevard
phone number: 347-908-3903
email: C.mungin23@gmail.com